IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JENNIFER MCLEMORE,
    Petitioner,

vs.                                               Case No.:  4:17cv331/WS/EMT

WARDEN COIT,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner Jennifer McLemore's ("McLemore") petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Respondent filed a response with evidentiary support (ECF No. 7). McLemore file a reply (ECF No. 9).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  After careful consideration of the issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that McLemore is not entitled to relief.

I.     BACKGROUND

On September 6, 2013, local authorities in the State of Mississippi ("State") arrested McLemore for possessing methamphetamine with intent to distribute (*see* ECF No. 7, Ex. 1, Declaration of Bryan Erickson ¶ 3). The State did not charge McLemore for this offense, deferring to federal prosecution (*see id.*). However, on October 15, 2013, the State court revoked McLemore's previously imposed probation in Case No. 12-CR-139-SC-C, and imposed the original 5-year term of imprisonment in that case, with 57 days of credit for the following time periods: May 19, 2012 through June 1, 2012; November 28, 2012 through December 3, 2012; and September 6, 2013 through October 15, 2013 (*see id.* ¶ 4). McLemore's 5-year State sentence commenced on October 15, 2013 (*see id.*).

On August 19, 2014, McLemore was indicted in the United States District Court for the Southern District of Mississippi, Case No. 3:14cr115-DPK-FKB-4, for conspiracy to possess with intent to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (*see* Erickson Decl. ¶ 5). *See* United States v. McLemore, Case No. 3:14cr115-DPK-FKB-4, Sealed Indictment, ECF No. 3 (S.D. Miss. Aug. 19, 2014). On August 21, 2014, McLemore was temporarily removed from the Mississippi Department of Corrections into federal custody by the United States Marshals Service ("USMS") on a federal writ of habeas

corpus ad prosequendum issued by the federal district court in the criminal case (*see* Erickson Decl. ¶ 6).  *See id.*, Order, ECF No. 16 (S.D. Miss. Aug. 22, 2014).  On September 16, 2014, the federal district court issued a Detention Order Pending Trial, committing McLemore to the custody of the Attorney General or a designated representative.  *See id.*, Order of Detention, ECF No. 73 (S.D. Miss. Sept. 17, 2014).

On October 2, 2014, the Mississippi State Parole Board determined that McLemore was eligible for parole, and ordered her to be paroled on December 21, 2015 (*see* ECF No. 7, Ex. 2, Certificate of Parole).

On November 30, 2015, the federal district court sentenced McLemore, pursuant to a guilty plea to the conspiracy charge, to a term of 64 months in the BOP followed by a 5-year term of supervised release (*see* ECF No. 7, Ex. 1, Erickson Decl. ¶ 9; ECF No. 7, Ex. 3, Judgment in a Criminal Case).  The Judgment did not indicate that the federal sentence was to run concurrently with any other sentence (*see id.*, Ex. 3, Judgment).  On December 7, 2015, the USMS returned McLemore to State authorities and placed the federal criminal judgment as a detainer with the Mississippi Department of Corrections (*see* Erickson Decl. ¶ 10).

On December 21, 2015, McLemore was paroled from her State sentence to the custody of the USMS to begin service of her federal sentence (*see* Erickson Decl.

¶ 11). The federal Bureau of Prisons ("BOP") calculated McLemore's 64-month sentence as commencing on December 21, 2015, the date she was paroled from her State sentence (*id.* ¶ 14). The BOP did not award McLemore any prior custody credit, because the State applied that time toward service of her State sentence (*id.* ¶¶ 14–15).

In McLemore's instant habeas petition, she contends she is entitled to prior custody credit on her federal sentence for the period October 2, 2014 (the date she was deemed eligible for State parole) to December 21, 2015 (the date she was released on State parole and placed in the custody of the USMS) (ECF No. 1 at 3–5; ECF No. 9 at 1).

Respondent contends McLemore received credit on her State sentence for the period October 2, 2014 to December 21, 2015; therefore, McLemore is not entitled to credit on her federal sentence for that period, pursuant to 18 U.S.C. § 3585(b) (*see* ECF No. 7 at 4–8; Erickson Decl. ¶¶ 12–15).

McLemore contends Respondent has not offered any documentation confirming that she received credit on her State sentence for the time after October 2, 2014 (*see* ECF No. 9 at 1).

II.	ANALYSIS

Once a petitioner has exhausted her administrative remedies within the BOP, the district court may review the constitutionality of the BOP's decisions and its statutory construction. See Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995). The court's analysis, however, is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'" Id. (citing Chevron USA Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'" Id.

Section 3585 of Title 18 provides:

> **(a) Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or

> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585 (emphasis added). The BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced," as defined in § 3585. *See* <u>United States v. Wilson</u>, 503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts). In fact, federal courts do not have the authority under § 3585 to order the BOP to credit a prisoner with state time served. *See* <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2d Cir. 1997).

Here, the BOP reasonably interpreted and applied § 3585(a) in determining that McLemore's federal sentence commenced on December 21, 2015, the date she was received into the custody of the USMS. Additionally, the BOP reasonably applied § 3585(b) in determining that McLemore was not entitled to credit on her federal sentence for the any time prior to that, because McLemore was serving, and thus received credit on, her State sentence during that time period. Because McLemore received credit on her State sentence for the period in question, the BOP did not have discretion under § 3585 to grant credit on McLemore's federal sentence for that period. Indeed, § 3585(b) expressly prohibits the BOP from granting credit for that

period. *See, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559, 560 (11th Cir. 2015) (unpublished but recognized as persuasive authority) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence); Scruggs v. Adkinson, 423 F. App'x 858, 816 (11th Cir. 2011) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same); Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (unpublished) (same). Therefore, McLemore failed to demonstrate she is entitled to habeas relief.

III. CONCLUSION

The BOP effectuated the unambiguous language of the relevant federal statute, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, manifestly contrary to the statutes, or an unreasonable application thereof. Therefore, the BOP's calculation of McLemore's federal sentence is entitled to deference under Chevron, 467 U.S. at 837.

Accordingly it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

At Pensacola, Florida this 30th day of April 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  4:17cv331/WS/EMT